UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    ALLISON A. GABELLO
    a/k/a Allison Gabello
    a/k/a Allison Rollson
    d/b/a Just One Look Realty
    d/b/a Just One Look Salon
    a/k/a Allison A. Rolison

CHAPTER 7

BK No.: 11-21328

Debtor.

DOUGLAS J. LUSTIG, as Trustee in Bankruptcy,

Plaintiff,

vs.

JOHN D. ROLISON and ALLISON A. GABELLO,

Defendants.

AP No.: 12-

## ADVERSARY PROCEEDING COMPLAINT

Plaintiff, by his undersigned attorneys, Woods Oviatt Gilman, LLP, as and for his complaint against defendants, alleges as follows:

1.     This Court has exclusive jurisdiction over this proceeding pursuant to 28 USC §§157 and 1334. This is a core proceeding pursuant to 28 USC §157.

2.     On July 5, 2011, debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court and an order for relief was entered.

3. Plaintiff Douglas J. Lustig is the duly qualified and acting Trustee in this case.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS UNDER 11 USC §§544 and 548 AND/OR NEW YORK DEBTOR AND CREDITOR LAW ARTICLE 10 TO AVOID FRAUDULENT TRANSFER OF INTEREST IN REAL PROPERTY

4. This cause of action is brought to avoid the conveyance of an interest of the debtor in real property, which real property is situate in the Town of Leicester, County of Livingston and State of New York and commonly known as 5299 Wheelock Road, Mt. Morris, New York (the "Subject Property") and/or to declare null and void a conveyance made by the debtor that is avoidable under applicable law, to wit, Article 10 of the New York Debtor and Creditor law, by a creditor holding an unsecured claim that is allowable under 11 U.S.C. §502.

5. Two years have not elapsed since the appointment of the Trustee in this case and the case has neither been closed nor dismissed at the time of the filing of this complaint.

6. At the time of the transfer alleged herein, debtor had one or more creditors holding unsecured claims that are allowable under 11 U.S.C. §502, and which claims arose prior to the conveyance hereinafter alleged.

7. Prior to the filing of her petition herein, the debtor and co-defendant John D. Rolison ("Rolison") were each owners of a one-half undivided fee interest in and to the Subject Property.

8. By deed dated August 31, 2009 and recorded that day in the Livingston County Clerk's office in Liber 1257 of deeds at page 298, debtor conveyed her interest in the Subject Property to defendant Rolison (the "Conveyance").

9. At the time of the aforesaid Conveyance, debtor was insolvent or was rendered insolvent by reason of the said transfer.

10. Upon information and belief, the said transfer was made without adequate consideration.

11. By the aforesaid Conveyance, debtor so stripped herself of her property that she became and has since remained unable to pay her debts, including the obligations which she had previously incurred to the creditors as aforesaid.

12. In addition and/or in the alternative, upon information and belief, the said Conveyance by the debtor was made with the actual intent on the part of the defendants to hinder, delay and deprive said creditors of their just claims against debtor.

13. Upon information and belief, the said Conveyance of the Subject Property by the debtor was and is fraudulent and void as to plaintiff and as to the creditors of debtor, whom plaintiff represents, and the same was made by the parties thereto with the intent to hinder, delay and defraud creditors of the debtor and to protect and save for the use and benefit of the defendants the Subject Property and to prevent the aforesaid creditors from collecting and

receiving the proceeds of their claims against debtor at the time that the said Conveyance was made.

14. The assets which have come into the hands of the plaintiff, as Trustee, are insufficient to pay those who hold allowable claims of the debtor.

15. Plaintiff has no adequate remedy at law.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS UNDER NEW YORK DEBTOR AND CREDITOR LAW §276-a

16. The conveyance as aforesaid was made, received and accepted, upon information and belief, with actual intent to hinder, delay or defraud present or future creditors of the debtor as aforesaid.

17. In the event that plaintiff shall recover judgment in this proceeding, plaintiff shall be entitled to an award of attorney's fees against defendants, in addition to all other relief granted by the judgment.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEENDANT ROLISION UNDER 11 U.S.C §510(c)

18. By reason of the foregoing, the claims, if any, of co-defendant Rolison filed or to be filed in this case should be equitably subordinated for the purposes of distribution to all other non-priority, unsecured claims.

WHEREFORE, plaintiff respectfully requests judgment that:

(a) That the Conveyance with regard to the Subject Property be declared null and void and set aside and that plaintiff recover of the defendants the Subject Property or the value of the same.

(b) Defendants be enjoined from further encumbering or transferring any interest in the Subject Property.

(c) That the Court award attorney's fees, pursuant to Debtor and Creditor Law §276-a, and permit plaintiff to have judgment for his fees against both defendants, jointly and severally.

(d) Equitable subordination of the claims of defendant Rolison.

(e) Plaintiff have such other and further relief as to the Court may seem just and proper together with the costs and disbursements of this proceeding with interest.

Dated: April 19, 2012

WOODS OVIATT GILMAN LLP

By: _____
Warren B. Rosenbaum, Esq.
Attorneys for Plaintiff-Trustee
700 Crossroads Building
Rochester, New York 14614
585-987-2800